## R. H. EPPERSON *v.* C. VAN PELT.

REPLEVIN. *Property lost.* By statute, where the property attached is replevied, the bond represents the debt, and stands in lieu of the property, and judgment may be given on the bond for the value of the property, where it has been lost before trial.

Case cited: Bobo *v.* Patton, 6 Heis., 172.
Code cited: Secs. 3390, 3515.

### FROM CROCKETT.

Appeal from the Circuit Court. G. B. BLACK, Judge.

POWELL & McFARLAND for Epperson.

READ & READ for Van Pelt.

SNEED, J., delivered the opinion of the court.

The defendant, as a constable of Crockett county, levied an execution upon a buggy and harness as the property of Thomas Pearce, the execution debtor. The plaintiff claimed the property as trustee, and brought this action of replevin for its recovery. The proof was that the property belonged to Pearce at the time of the levy, and there was a verdict and judgment for the defendant, assessing his damages at the proven value of the property. It appeared in proof that after the property had been delivered to the plaintiff it was destroyed, whether by the plaintiff's fault or not does not appear. The judgment upon the verdict was that the plaintiff pay to defendant the value of the property as assessed.

There being no proof as to how the property was destroyed, the principle of the case *Bobo* v. *Patton,* 6 Heis., 172, has no application to this case. It was held in that case that when, in this form of action, the property replevied dies or is destroyed while in possession of the plaintiff, before the trial and without his fault, if the verdict should be for the defendant, the plaintiff is not liable for the value of the property. It is otherwise by statute. Where the property attached is replevied, as in that case, the bond represents the debt, and stands in lieu of the property; while in replevin cases the litigation is merely to try

the title to a specific chattel, and when the chattel ceases to exist by the loss of the property, without fault of the plaintiff, the litigation must end, as there is nothing to litigate about. Code, sec. 3515.

It being established by the proof that the property in controversy was destroyed before trial, the court declined to render the judgment prescribed by statute, allowing the discharge of the money judgment by the return of the property. Code, sec. 3390.

This is assigned as error. We certainly see no reason in such a case for the alternative judgment. It would be irrational to have pronounced such a judgment, the fact being undisputed that the property was destroyed, and could not, in the nature of things, be returned.

Affirm the judgment.